**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 OCT 18  P 12: 42

CLERK'S OFFICE
AT GREENBELT

BY _____ GB DEPUTY

WILLIAM L. BAILEY JR.
10754 CASTLETON TURN
LARGO, MD 20774

**Plaintiff(s)**

vs.                                    *          Civil No.: __RWT 12 CV 3079__

VILLAGE GREEN MUTUAL HOMES INC.
7411 VILLAGE GREEN TER
LANDOVER, MD. 20785

JEFFREY CHARLES & ASSOCIATES
6422 GROVESDALE DR
SUITE 201 C
ALEXANDER, VA. 2231

COOK & DEFRANCO LLC
120 EAST BALTIMORE ST
SUITE 1810
BALTIMORE, MD. 21202

**Defendant(s)**          *
                         ******

**COMPLAINT**

1.   Jurisdiction in this case is based on:

     ☒   Federal question (42 U.S.C. 3601 et seq.)
     a.   The defendants due to my religious beliefs discriminated and fraudulently
     acted to affect a constructive eviction from 1435 Belle Haven Dr., Landover MD.
     20785.

2.   The facts of this case are:
     a.   The defendants conspired to deny fair housing rights as provided for under
     The Fair Housing Act to William L. Bailey Jr. at the cooperative of Village Green
     Mutual Homes Inc.at 1435 Belle Haven Dr., Landover Md. 20785.
     b.   The defendants' actions and activities were done in attempts to thwart The
     Fair Housing Act because of my religious beliefs and my pursuit of fair housing
     rights as protected by this act.

Complaint (Rev. 12/2000)          1

c.     The defendants with malice and fore though conspired to use the identity of another individual without their lawful authorization to pursue unlawful activities and to affect the transfer of property.

d.     On or about May 14, 2010 the property manager for Village Green Mutual Homes Inc. (an employee of Jeffrey Charles & Associates) testified under oath to the Circuit Court of Maryland that the sales office was fully aware that Mrs. Dorothy Bailey no longer resided at 1435 Belle Haven Dr. because Mr. William L. Bailey Sr. informed the office of her departure.

      a)     This unintentional testimony given at the Circuit Court level was contrary to all information provided at the District Court level where the defendants attested to Mrs. Dorothy Bailey's residency at 1435 Belle Haven Dr.

          i)     The defendants in all communications to state and federal agencies state that Mrs. Dorothy Bailey resided at 1435 Belle Haven Dr. while all the time knowing that this was a lie.

          ii)     The defendants conspired to perjure and did so without hesitation.

e.     On or about September 1992 William L Bailey Sr. informed the cooperative of Village Green Mutual Homes Inc. of  Mrs. Dorothy Bailey departure  from the cooperative and her request to cease all association with the cooperative.

f.     The defendants conspired to and used the US mail, telephone, and internet to promote a fraudulent scheme to defraud me, deny fair housing rights as protected by the Fair Housing Act, retaliate against me because of my pursuit of fair housing rights and to discriminate because of my religious belief.

g.     On about May 9, 2009 after many years of discriminatory policies and practices against me at 1435 Belle Haven Dr., I contacted HUD (as I had done a previous year ago but was unable to follow thru at that time on my contact) about the use of Mrs. Dorothy Bailey's name in any regards to 1435 Belle Haven Dr. and the concerns I had about what I believe to be fraudulent and discriminatory activities on the part of the defendants.

      a)     I spoke with the supervisor (Jose Nunez) of HUD at that contact and informed him of the inappropriateness and fraudulent nature of activities I believe I was sustaining.

      b)     I informed the cooperative of Village Green Mutual Homes Inc.'s sales office of this contact and informed them that I would pursuing my fair Housing rights as protected by the Fair Housing Act.

h.     On about July 2004 William L Bailey Sr. died.  The cooperative of Village Green was informed that Mrs. Dorothy Bailey would not be moving back to the residence of 1435 Belle Haven Dr. by Gladys Bailey Harris Esq. and that William L Bailey Jr. would assume all rights set forth in the by-laws of the cooperative by remaining at the residence.

i.     On or about May 15, 2009 at a meeting of section four cooperative members gathered to discuss pros and cons of remaining a cooperative or going condominium. The property manager of Jeffrey Charles & Associates vehemently objected to the topic I brought before the membership about how fair housing rights

play an important role in our decision and made it very clear about her dislike of the fair housing rights program.

j.      On about June 5, 2009, while dropping off the monthly carrying charges, I was asked to sign some paperwork. I did not have time to adequately review documents so I respectfully declined.  The property manager responded that it really didn't make a difference because she was going to do what she wanted to do anyhow.

k.      On or about July 15, 2009 the defendants escalated their retaliation and discrimination by submitting communications to the residence for Mrs. Dorothy Bailey response as if she resided at the residence while knowing she had left residence in 1992.  When I objected, the defendants further stated that conversations in regards to 1435 Belle Haven Dr. would only be with Mrs. Dorothy Bailey.

      a)      This fraudulent scheme embarked upon by defendants was perpetrated because no subletting of the residence is allowed by the cooperative by-laws and this particular scheme would also put the residence in danger because they were fully aware that Mrs. Dorothy Bailey did not reside there.

      b)      The defendants spoke with all of my siblings of which did not reside at 1435 Belle Haven Dr. and initially would not converse with me, (the only member of the immediate family residing at premises after my father's passing).  One of them resided in Virginia.  The defendants' actions were violations of my fair housing rights as protected by the Fair Housing Act and used to thwart that act.

l.      On or about October 2009, during the election of board members, I was barred from participation of that activity as well as any other cooperative business or meetings.

      a)      Other cooperative members were informed of this bar.  It was further used by the defendants as an insinuating threatening tool and to exhibit their ability and willingness to totally disregard by-law of the cooperative and laws of the land.

m.      The defendants conspired and did carry unethically and illegally Mrs. Dorothy Bailey on the books of Village Green Mutual Homes Inc. without here authorization and against her express request of no association with the cooperative.  The defendants had full and complete knowledge of this request.

n.      On or about June 17, 2010 a complaint was filed with HUD in an attempt to address the fraudulent activities, the discrimination/retaliations and total disregard for the by-laws of the cooperative and the United States' law due to my religious beliefs.

o.      On or about October 25, 2010 after receiving information from Maryland Commission on Human Relations, I further attempted ascertain how the certificate of membership for the cooperative was being transferred without my authorization. I am the owner of any membership for 1435 Belle Haven Dr., Landover Md. 20785.

3.   The relief I want the court to order is: a Jury Trial

[x]   Damages in the amount of: $1,000,000 from each defendant (total $3,000,000 ).


___10/18/2012___
(Date)

(Signature)

WILLIAM L BAILEY JR.
10754 CASTLETON TURN
LARGO, MD. 20774
301 693 7114

Plaintiff)

Complaint (Rev. 12/2000)                4