IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM L. BAILEY, JR.,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. RWT 12-cv-3079 |
| **VILLAGE GREEN MUTUAL HOMES INC.** *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Before this Court is a Motion to Dismiss filed by Defendants Village Green Mutual Homes, Inc. and Jeffrey Charles and Associates. Because Plaintiff has failed to meet the pleading standard for a Fair Housing Act claim, and for the reasons stated below, the motion shall be granted, and Plaintiff's Complaint shall be dismissed.

## BACKGROUND

On October 18, 2012, Plaintiff William L. Bailey, Jr. ("Bailey") filed a Complaint against Defendants Village Green Mutual Homes Inc. ("Village Green"), Jeffrey Charles & Associates ("Jeffrey Charles & Associates"), and Cook & Defranco LLC ("Cook & Defranco"). ECF No. 1. Plaintiff cited the Fair Housing Act at "42 U.S.C. [§] 3601 et seq." and stated that "[t]he defendants due to my religious beliefs discriminated and fraudulently acted to affect a constructive eviction from 1435 Belle Haven Dr., Landover MD." ECF No. 1. Plaintiff listed a number of allegations concerning the actions of the Defendants in connection with the property at 1435 Belle Haven Dr., but failed to specify with clarity the allegedly discriminatory acts committed by Defendants. *See* ECF No. 1.

On November 1, 2012, this Court entered an Order requiring Plaintiff to supplement and clarify his Complaint. ECF No. 3. This Court recognized that the "Fair Housing Act prohibits property

owners and municipalities from blocking or impeding the provision of housing on the basis of ['] race, color, religion, sex, familial status, or national origin,'" ECF No. 3 (quoting 42 U.S.C. § 3604 (a)-(b)), but it also explained that Plaintiff had failed in his Complaint to "specify the nature of his religious beliefs or why Defendants' actions demonstrate discriminatory animus against [Plaintiff] and his beliefs," ECF No. 3. This Court acknowledged that Plaintiff was pro se, and thus "accord[ed] his pleadings liberal construction," but it still found that "apart from [Plaintiff's] conclusory assertion of religious discrimination, Plaintiff has alleged no facts indicating Defendants have acted with discriminatory intent." ECF No. 3. Thus, Plaintiff was granted "fourteen days to supplement his Complaint to set forth facts supporting his claims." ECF No. 3.

This Court also recognized that the limitations period in the Fair Housing Act might preclude Plaintiff's Complaint from progressing, as the Act states that "[a]n aggrieved person may commence a civil action . . . not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . to obtain appropriate relief with respect to such discriminatory housing practice." ECF No. 3 (quoting 42 U.S.C. § 3613(a)(1)(A)). This two-year limitations period "shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(B). Plaintiff was thus directed to "submit copies of the determinations rendered by HUD and the Maryland Commission on Human Rights referenced in the Complaint" and to "address why this case is timely filed." ECF No. 3.

Plaintiff filed a supplement to his Complaint on November 15, 2012, asserting that he is a Muslim and that he "sold Muhammad Speaks in the late 70's in front of the Village Green Mutual Homes, Inc. sales office periodically." ECF No. 4. Plaintiff also stated that he has "a certificate of service dated October 25, 2010 by Gregory Logan for The Maryland Commission of Human Relation which [Plaintiff] appealed to the best of [his] ability at that time." ECF No. 4. Plaintiff

2

attached what appears to be a copy of that document as well as what appears to be a copy of a housing discrimination complaint filed by Plaintiff on June 17, 2010 with the federal Department of Housing and Urban Development. ECF Nos. 4; 4-1; 4-2. Plaintiff further alleged that the "defendants presented Mrs. Dorothy Bailey as the legal resident [of 1435 Belle Haven Drive] to the courts and federal agencies in a fraudulent manner until it was unintentionally acknowledge[d] that they had full knowledge that she did not reside there." ECF No. 4. Plaintiff went on to explain, "[Defendants'] actions were done because of my pursuit of fair housing and religious beliefs. I was certain of the religious discrimination (even though I believe it prior to HUD case number 03-10-0009-8) there about its submission of a complaint to HUD[.]" ECF No. 4.

Plaintiff's allegations are difficult to make out, but it appears from the Complaint and Supplement that Plaintiff asserts that Defendants impermissibly refused to recognize him as the legal resident of 1435 Belle Haven Dr., Landover, Maryland, instead acknowledging Dorothy Bailey as the legal resident.

On May 6, 2013, Defendants Village Green and Jeffrey Charles & Associates filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 14. Plaintiff submitted an Opposition on May 28, 2013, ECF No. 17, and Defendants filed a Reply on June 11, 2013, ECF No. 18.

**STANDARD OF REVIEW**

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is "to test the sufficiency of a complaint." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir.1999). A court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver,* 510 U.S. 266, 268 (1994), and must construe factual allegations "in the light most favorable to the plaintiff," *see Lambeth v. Bd. of Comm'rs of Davidson Cnty.,* 407 F.3d 266, 268 (4th Cir.2005). A *pro se* plaintiff is held to a "'less stringent'" standard than a lawyer, and the Court must liberally

construe a *pro se* plaintiff's complaint. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Simmons & United Mortg. & Loan Invest.,* 634 F.3d 754, 768 (4th Cir.2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted). "Thus, '[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville,* 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark,* 561 F.3d 261, 266 (4th Cir. 2009)).

## ANALYSIS

It is unclear exactly under which provision of the Fair Housing Act Plaintiff is suing. Even so, "[t]o establish a prima facie case of discrimination under the FHA, Plaintiff must demonstrate that either the housing action or practice being challenged was motivated by a discriminatory purpose or had a discriminatory impact." *Smith-Jeter v. City of Columbia*, Civil Action No. 3:10-1188-JFA-JRM, 2012 WL 762079, at *4 (D.S.C. Feb. 24, 2012), *report and recommendation adopted*, Civil Action No. 3:10-CV-1188-JFA-JRM, 2012 WL 762075 (D.S.C. Mar. 8, 2012), *aff'd*, 474 Fed. Appx. 260 (4th Cir. 2012). In this case, there are no facts alleged, beyond a conclusory statement

that he was discriminated against because of his religion, to indicate a discriminatory purpose by Defendants or a discriminatory impact. *See id.* ("Plaintiff has not alleged any facts tending to show that the Defendant directed or influenced the handling of her claims in a discriminatory manner.").

The most likely provision of the Fair Housing Act that Plaintiff attempts to invoke appears to be 42 U.S.C. § 3604(b), which states that "it shall be unlawful":

> To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

42 U.S.C. § 3604(b). "To state a *prima facie* case of discrimination under § 3604(b), [Plaintiff] must show that he is a member of a protected class and that he was treated differently than other tenants because of his membership in that class." *Roberson v. Graziano*, Civil No. WDQ-09-3038, 2010 WL 2106466, at *2 (D. Md. May 21, 2010), *aff'd*, 411 Fed. Appx. 583 (4th Cir. 2011). Plaintiff has failed to meet the pleading standard under this provision because "he has not explained how he was treated differently than the other tenants because of" his status as a Muslim. *Id.* at *3.

In his Opposition, Plaintiff also cites 42 U.S.C. § 3617. *See* ECF No. 17 at 1. This provision states:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C. § 3617. This section prohibits retaliation, and to adequately state a claim under this section, a plaintiff must sufficiently allege a discriminatory intent on the part of Defendants. *See Oxford House, Inc. v. Town of Fayetteville, W. Va.*, Civil Action No. 2:11-00402, 2012 WL 441156, at *5 (S.D.W. Va. Feb. 10, 2012) ("[A] plaintiff must establish" four elements, including that "the defendants were motivated by an intent to discriminate")(internal citations omitted); *Davis v. Raleigh Hous. Auth.*, No. 5:09-CV-522-F, 2011 WL 832330, at *4 (E.D.N.C. Jan. 27, 2011),

5

*memorandum and recommendation adopted sub nom. Davis v. Hous. Auth. of the City of Raleigh*, No. 5:09-CV-522-F, 2011 WL 830557 (E.D.N.C. Mar. 3, 2011) ("Plaintiff['s] complaint does not fall within the parameters of section 3617 as Plaintiff has not alleged that [defendant] had discriminatory motivations for the alleged actions."). There are no facts alleged that suggest a discriminatory intent by Defendants to retaliate against Plaintiff on account of his status as a Muslim.

Plaintiff's Complaint must also be dismissed because it fails to put Defendants on notice as to what claims are actually being asserted. In his Complaint and Supplement, Plaintiff only cites the Fair Housing Act generally. In his Opposition, Plaintiff raises two new statutes for the first time, the "Identity Theft and Assumption Deterrence Act of 1998" and the "Sarbanes-Oxley Act of 2002." ECF No. 17 at 2. It is unclear from Plaintiff's allegations as to how he was discriminated against on the basis of race or in retaliation for pursuing a charge of discrimination, other than to generally allege that he was discriminated against for being Muslim. In conclusion, Plaintiff has failed to adequately supplement his Complaint to state a claim for relief under the Fair Housing Act. As a result, Defendant's Motion to Dismiss will be granted, Plaintiff's Complaint will be dismissed, and the Clerk will be ordered to close the case.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [ECF No. 14] will be granted, Plaintiff's Complaint [ECF No. 1] will be dismissed, and the Clerk will be ordered to close the case. A separate Order follows.

<u>Date</u>:  January 14, 2014

                                                          /s/
                                           ROGER W. TITUS
                                 UNITED STATES DISTRICT JUDGE